CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED AT ALBUQUERQUE NM

APR 21 1999

ROBERT M. MARCH
CLERK

FRANCIS MACK THOMAS,

    Petitioner,

v.                                             No. CIV-99-0306 JC/LFG

CAMILO F. ROMERO,
THE ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court sua sponte for preliminary consideration of Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254. Rule 4 Governing Section 2254 Cases.

Petitioner attacks a conviction and sentence imposed against him by the New Mexico Fifth Judicial District Court in 1981. In the state court judgment, Petitioner's prison term and parole were suspended, and he was sentenced to two years probation. According to a copy of a subsequent order attached to the petition, on October 27, 1982, Petitioner was "discharged from probation...and forthwith released from custody." Petitioner asserts that his guilty plea was involuntary, his sentence was illegal by its terms and violated the Double Jeopardy Clause, and he was denied ineffective assistance of counsel. He is currently incarcerated on a subsequent conviction. For the reasons below, the petition will be dismissed on either of two grounds.

First, the petition does not meet the statutory requirement that a § 2254 petitioner be a "person in custody." 28 U.S.C. § 2254(a). Because Petitioner's 1981 sentence has fully expired, the defendant is no longer in custody for purposes of § 2254(a). *Maleng v. Cook*, 490 U.S. 488, 492



(1989). Even if Petitioner's current sentence has been enhanced as a result of the 1981 conviction which he is now attacking, the custody requirement is not satisfied. *Id.* (defendant serving subsequent sentence which is enhanced on basis of prior conviction is not in "custody" for purpose of attacking underlying conviction). The Court has no authority to entertain Petitioner's petition because he is not in custody as required by § 2254(a).

Second, the petition is barred by the one-year limitation period in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1), an application for writ of habeas corpus must be filed within one year after the state court judgment becomes final. As stated in the petition, Petitioner did not appeal his conviction or sentence, and thus the judgment became final in 1981, eighteen years before the instant petition was filed. Where, as here, "a state conviction[] became final prior to enactment of the Antiterrorism and Effective Death Penalty Act of 1996, [Petitioner] had one year from April 24, 1996, to file an application for federal habeas relief." *Barnett v. LeMaster*, 167 F.3d 1321, 1323 (10th Cir. 1999) (citing § 2244(d)(1); *Hoggro v. Boone*, 150 F.3d 1223, 1225 (10th Cir.), *reh'g and reh'g en banc denied* (1998))." Under *Barnett* and *Hoggro*, the initial deadline for filing in this Court was April 24, 1997, and the petition, which was filed March 18, 1999 -- nearly two years after the applicable one-year period -- is not timely.

Nor did Petitioner gain extra time for filing the instant petition by seeking habeas relief in state court. Although the one-year federal limitation period can be tolled during a "properly filed" state habeas proceeding, § 2244(d)(2); *Barnett*, 167 F.3d at 1323; *Hoggro,* 150 F.3d at 1226, a state petition filed after the applicable one-year period is not "properly filed." *Hoggro,* 150 F.3d at 1226 n.4; *White v. Ward*, 166 F.3d 350, 1998 WL 879921 (10th Cir. 1998). Petitioner filed his state petition attacking the 1981 conviction on May 21, 1998 (copy attached to instant petition). Because

the state petition was not filed before April 24, 1997, the limitation on federal review was not tolled during the state proceedings. *White*, 1998 WL 879921; *Hoggro,* 150 F.3d at 1226 n.4; *cf. Holt v. LeMaster*, 161 F.3d 17, 1998 WL 647857, at **1 (10th Cir. 1998). The limitation period applicable to the instant petition expired on April 24, 1997, and Petition's claims are barred as untimely filed.

IT IS THEREFORE ORDERED that Petitioner's motion for leave to proceed in forma pauperis is GRANTED;

IT IS FURTHER ORDERED that the petition for writ of habeas corpus is DISMISSED with prejudice, and this case is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE